## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| HULSE, et al., | **REPORT AND RECOMMENDATION** |
| Plaintiffs, | Case No. 2:24-cv-00367-RJS-CMR |
| v. | Judge Robert J. Shelby |
| AMERICAN FORK POLICE DEPT, et al., | Magistrate Judge Cecilia M. Romero |
| Defendants. | |

## I.        BACKGROUND

On May 22, 2024, *pro se* Plaintiffs Nicholas Stephen Hulse and Kalie Jones (collectively, Plaintiffs) filed their Complaint against Defendants (ECF 2, 6). On May 28, 2024, the court granted Plaintiffs' request for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (the IFP Statute) (ECF 5). On November 22, 2024, the court issued an Order granting Plaintiff leave to file an amended complaint addressing the failure to adequately plead a plausible claim (Order) (ECF 8). The court warned Plaintiff that failure to comply with the directives in the Order may result in dismissal of this action (*Id.*). On December 13, 2024, Plaintiffs requested an extension of time to file their amended complaint (ECF 10), which the court granted and extended the deadline to January 20, 2025 (ECF 11). To date, no amended complaint has been filed, and the deadline for doing so has passed. Because Plaintiffs have failed to comply with the court's Order or take any other action in this matter, the court recommends dismissal of this action for failure to prosecute.

## II.    DISCUSSION

Federal Rule of Civil Procedure 41(b) allows involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with . . . a court order."  Fed. R. Civ. P. 41(b); *see also* DUCivR 41-2 (allowing dismissal for failure to prosecute). This court may dismiss actions *sua sponte* for failure to prosecute. *See Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court orders."); *see also Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962) (noting courts have inherent authority to clear "their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"). In determining whether dismissal is appropriate, the court considers the following factors:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Olsen*, 333 F.3d at 1204 (quoting *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994)).

Here, nearly all factors weigh in favor of dismissal. Although Plaintiffs requested an extension of time to file an amended complaint, Plaintiffs failed to comply with the extended deadline despite a clear warning from the court that this case could be dismissed for failure to comply. Plaintiffs' failure to move this matter along by amending their pleading interferes with the judicial process. While there is lesser culpability in failing to properly prosecute this matter due to their pro se status, there appears to be no effective lesser sanction, and there would be little to no actual prejudice to Defendants having not yet been served. In consideration of these factors and given that Plaintiffs' failure to prosecute is coupled with a failure to abide by the court's Order, the court finds that the circumstances in this case warrant dismissal.

## **RECOMMENDATION**

Based on Plaintiffs' failure to prosecute this case, the court **RECOMMENDS** that the district judge **DISMISS** this case without prejudice.

## **NOTICE**

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections. *See* Fed. R. Civ. P. 72(b)(2). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 29 April 2025.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah