IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| NICHOLAS S. HULSE and KALIE JONES,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>AMERICAN FORK POLICE DEPARTMENT, et al.,<br><br>　　　　Defendants. | **ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>Case No. 2:24-cv-00367-RJS-CMR<br><br>Chief District Judge Robert J. Shelby<br><br>Magistrate Judge Cecilia M. Romero |

　　　　Before the court is the Report and Recommendation issued in the above captioned case by Magistrate Judge Cecilia M. Romero on April 29, 2025.[1] The Report recommends the case be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b).

　　　　On May 22, 2024, Plaintiffs Nicholas Hulse and Kalie Jones initiated this pro se action against the American Fork Police Department and several of its officers and detectives.[2] Plaintiffs sued under 42 U.S.C. § 1983 and Utah Code § 77-24-1 for events relating to the impoundment of Plaintiffs' car.[3]

　　　　Shortly after Plaintiffs filed their Complaint, the case was referred to Magistrate Judge Cecilia M. Romero pursuant to 28 U.S.C. § 636(b)(1)(B).[4] Judge Romero granted Plaintiffs' request to proceed in forma pauperis[5] and subsequently, on November 22, 2024, ordered

---

[1] Dkt. 12, *Report and Recommendation* (*Report*).

[2] Dkt. 6, *Complaint for Violation of Civil Rights* (*Complaint*).

[3] *Id*. at 6–7.

[4] Dkt. 7, *Minute Entry Referring Case*.

[5] Dkt. 5, *Order Granting [1] & [3] Motions to Proceed in Forma Pauperis*.

1

Plaintiffs to amend their Complaint within 30 days because they failed to state a claim.[6] Plaintiffs later moved for a 30-day extension,[7] which the court granted.[8] Judge Romero issued this Report recommending the court dismiss the Complaint for failure to prosecute, consistent with DUCivR 41-2 and Federal Rule of Civil Procedure 41(b), more than three months after the extended deadline passed without the Plaintiffs filing any amended pleading.[9] Judge Romero advised Plaintiffs of their right to object to the Report within fourteen days of service, pursuant to Federal Rule of Civil Procedure 72(b).[10] Judge Romero further cautioned that "[f]ailure to object may constitute a waiver of objections upon subsequent review."[11]

Federal Rule of Civil Procedure 72(b)(2) allows parties to file "specific written objections to the proposed findings and recommendations" within fourteen days after being served with a copy of the recommended disposition. When no objections are filed, the Supreme Court has suggested no further review by the district court is required, but nor is it precluded.[12] This court reviews for clear error any report and recommendation to which no objections have been raised.[13]

---

[6] Dkt. 8, *Order to File Amended Complaint*.

[7] Dkt. 10, *Motion to/for Requests the Court Grant a 30 day extension past the dec 20th deadline*.

[8] Dkt. 11, *Order Granting [10] Motion for Extension of Time*.

[9] *Report* at 2.

[10] *Id.* at 3.

[11] *Id.*

[12] *See Thomas v. Arn*, 474 U.S. 140, 149 (1985) ("The [Federal Magistrate's Act] does not on its face require any review at all, by either the district court or the court of appeals, of any issue that is not the subject of an objection.").

[13] *See, e.g.*, *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) ("If no objection or only partial objection is made [to a magistrate judge's report and recommendation], the district court judge reviews those unobjected portions for clear error.") (citations omitted); *see also* Fed. R. Civ. P. 72(b) Advisory Committee's Note to 1983 Amendment ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citing *Campbell v. U.S. Dist. Court for N. Dist. of Cal.*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879).

Three weeks have now passed since the Report was filed and Plaintiffs have not asserted any objections with the court.[14]  Accordingly, this court reviews the Report for clear error. Having carefully considered the Report, the court finds no clear error.

Thus, the court ADOPTS the Report in full.[15]  For the reasons set forth in the Report, Plaintiffs' Complaint is DISMISSED for failure to prosecute.  The Clerk of Court is directed to close this case.

SO ORDERED this 20th day of May 2025.

BY THE COURT:

_____
ROBERT J. SHELBY

---

[14] Nearly six months have passed since Judge Romero directed Plaintiffs to amend their Complaint.

[15] Dkt. 12.